130 F.3d 996
 1998 Copr.L.Dec. P 27,715, 45 U.S.P.Q.2d 1153,
11 Fla. L. Weekly Fed. C 902
 ADVANCED ESTIMATING SYSTEM, INC., a Florida corporation,
Plaintiff-Counter Defendant-Appellee,
v.
Timothy J. RINEY, Damon, Inc., a Florida corporation,
Defendants-Counter Claimants-Appellants,
Leon V. Cursons, Counterdefendant.
ADVANCED ESTIMATING SYSTEM, INC., a Florida corporation,
Plaintiff-Counter Defendant-Appellant,
v.
Timothy J. RINEY, Damon, Inc., a Florida corporation,
Defendants-Counter Claimants-Appellees,
Leon V. Cursons, Counterdefendant.
 Nos. 96-5193, 96-5235 and 97-4125.
 United States Court of Appeals,
Eleventh Circuit.
 Dec. 10, 1997.
 
 Floyd Brantley Chapman, Jack E. Dominik, Dominik & Stein, Miami Lakes, FL, Lee Ann LeBlanc, Hollywood, FL, for Riney and Damon, Inc.
 Thomas E. Scott, Dianne O. Fischer, Lisa Daugherty, Davis, Scott, Weber & Edwards, Miami, FL, for Advanced Estimating System, Inc.
 Appeals from the United States District Court for the Southern District of Florida.
 Before EDMONDSON, Circuit Judge, and KRAVITCH and WOOD*, Senior Circuit Judges.
 EDMONDSON, Circuit Judge:
 
 
 1
 This appeal requires us to determine whether a lawyer's misunderstanding of unambiguous procedural rules can constitute "excusable neglect" under the standard set out by the Supreme Court in Pioneer Investment Services v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Guided by the decision in Pioneer and decisions in this circuit, we hold that, as a matter of law, the lawyer's failure to understand clear law cannot constitute excusable neglect. So, this appeal, which was not timely filed, is dismissed.
 
 I.
 
 2
 Plaintiff Advanced Estimating Services ("AES") initiated the present action against Defendants Timothy Riney and Damon, Inc. (collectively referred to in the singular as "Riney"). The case went to trial on AES' claims against Riney for copyright infringement, misappropriation of trade secrets, and breach of contract. The jury returned a verdict for AES on all three counts.
 
 
 3
 Riney filed untimely motions for a new trial and for relief from judgment. Believing that these motions were timely--thereby tolling the period for filing a notice of appeal, see Fed.R.App.P. 4(a)(4), Riney failed to file a timely notice of appeal. (In their opposition to these post-trial motions, AES pointed out that the motions were untimely.) His notice of appeal, when filed, was about three weeks late.
 
 
 4
 Upon learning that his notice of appeal was late, Riney filed a motion for enlargement of time to file the notice of appeal in district court. But, before the district court ruled on the motion for more time, the case reached this court. We remanded and the district court, using the "unique circumstance" standard, determined that no excusable neglect existed. We again remanded the case to the district court; this time to consider the question of excusable neglect in the light of Pioneer Investment Services v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). See Advanced Estimating System, Inc. v. Riney, 77 F.3d 1322 (11th Cir.1996) ("AES I "). Then, the district court found that Riney's failure to file a timely notice of appeal constituted excusable neglect. AES has appealed that finding.
 
 II.
 
 5
 "The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal...." Fed.R.App.P. 4(a)(5). We review the district court's determination of excusable neglect for abuse of discretion. AES I, 77 F.3d at 1325.
 
 
 6
 The "neglect" at issue in this case consists of Riney's lawyer mistakenly believing that he had ten days from his receiving notice of the entry of the judgment to file his post-trial motions. Rule 59 of the Federal Rules of Civil Procedure provides that a party has ten days after the "entry" of judgment to file his motion for a new trial. See Fed.R.Civ.P. 59; AES I, 77 F.3d at 1323; In re Todd Corp., 662 F.2d 339, 340 (5th Cir.1981). Rule 60 allows a reasonable time for filing a motion for relief from judgment, Fed.R.Civ.P. 60; but like motions filed pursuant to Rule 59, Rule 60 motions will not extend the time for filing an appeal if the Rule 60 motion is filed later than ten days after "entry" of judgment. Fed.R.App.P. 4(a)(4)(E)(F). Because of the failure either to read or to understand the pertinent rules, Riney's lawyer thought that the period for filing a notice of appeal had been tolled until the district court disposed of his post-trial motions. He was mistaken. The notice of appeal was filed late.
 
 
 7
 In Pioneer, the Court, interpreting Bankruptcy Rule 9006(b)(1),[1] held that "excusable neglect" is to be determined by reference to a four-factor test: "the danger of prejudice to the [nonmovant], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." at 395, 113 S.Ct. at 1498 (emphasis added). The failure to file a timely notice of claim in Pioneer resulted from a "dramatic ambiguity" in the bankruptcy court's notice to the parties. Id. at 398, 113 S.Ct. at 1500. In concluding that "excusable neglect" could include "inadvertent delays," the Court noted that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect...." Id. at 391, 113 S.Ct. at 1496 (internal citations omitted). See also id. at 396, 113 S.Ct. at 1499 ("In other contexts, we have held that clients must be held accountable for the acts and omissions of their attorneys.").
 
 
 8
 Soon after Pioneer, it was established in this circuit that attorney error based on a misunderstanding of the law was an insufficient basis for excusing a failure to comply with a deadline. See, e.g., Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir.1993). And, no circuit that has considered the issue after Pioneer has held that an attorney's failure to grasp the relevant procedural law is "excusable neglect." See Committee v. Yost, 92 F.3d 814, 825 (9th Cir.1996) (ignorance of procedural rule not excusable neglect); Prizevoits v. Indiana Bell Telephone Co., 76 F.3d 132, 133 (7th Cir.1996) ("Rule 6(b) makes plain both that the 10-day limit on filing a Rule 59(e) motion cannot be extended, no matter how new the party's lawyer is, and that there was nothing to wait for, since the district court had no power to grant the motion.... 'The excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules' "); Kyle v. Campbell Soup Co., 28 F.3d 928 (9th Cir.1994) (misunderstanding of law not excusable neglect); Weinstock v. Cleary, Gottlieb, Steen & Hamilton, 16 F.3d 501, 503 (2d Cir.1994) (appellant's "mistake cannot be considered 'plausible misconstruction' of Rule 4(a)(4); it must be regarded as a failure to follow the plain terms of the Rule"). See also United States v. Clark, 51 F.3d 42 (5th Cir.1995) (dicta) (incorrect application of rules in calculating time to file appeal might not be excusable neglect).
 
 
 9
 Today, we follow the other circuits and hold, as a matter of law, that an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline. Nothing in Pioneer indicates otherwise, and we believe that the law in this area remains as it was before Pioneer.
 
 
 10
 Riney argues that the issue has effectively been decided in his favor already; he points us to AES I. See 77 F.3d at 1324 ("Although it is clear that appellants' Rule 59 and 60 motions were untimely and thus do not change the late status of appellants' notice of appeal, it is not clear that appellants' counsel's belief to the contrary does not constitute excusable neglect under Rule 4(a)(5)."). But, the only issue before this court in AES I was whether the four-part test for determining excusable neglect announced in Pioneer applied to the Federal Rules of Appellate Procedure. 77 F.3d at 1324. That the four-part Pioneer standard for determining excusable neglect applies does not change existing law that a lawyer's misunderstanding of clear law cannot constitute excusable neglect. If it could, almost every appellant's lawyer would plead his own inability to understand the law when he fails to comply with a deadline. We do not believe that the Court intended a practice that would require courts to be that lenient about disobedience to plain law.
 
 
 11
 Riney also points the court to Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 849-50 (11th Cir.1996), specifically its application in AES I. He notes that in AES I we remanded the case to the district court "to give it the first opportunity to decide the excusable neglect issue, under the legal standard of Pioneer, as applied in Cheney." 77 F.3d at 1325 (citation omitted). In so doing, we merely noted that in Cheney, "we [had already] applied Pioneer to the meaning of excusable neglect as used in Federal Rules of Civil Procedure 60(b)," and that, therefore, there was no reason the same excusable neglect standard would not also apply to the same term as used in Federal Rule of Appellate Procedure 4(a)(5). Id. at 1324.
 
 
 12
 Nothing in AES I implies that Cheney requires a finding of excusable neglect in this case. In fact, Cheney is distinguishable. In Cheney, plaintiff filed an action, which was referred to arbitration. Under the local rules, an arbitration outcome became final unless a trial de novo is requested within 30 days. At the time, the lead counsel was on vacation; and "[t]he associate attorney did not think he should file the demand without consulting the lead counsel." 71 F.3d at 849. Because the associate attorney would himself be out of town when the deadline occurred, he told a secretary to advise lead counsel of the deadline. The secretary seemingly did not do so. Id. at 850 ("The reason for the delayed filing was a failure of communication between the associate attorney and the lead counsel.... The nonfiling was simply an innocent oversight by counsel."). When the lawyers realized the failure of the secretary to deliver the pertinent message, the necessary motions, including one for more time, were promptly filed.[2]
 
 
 13
 Cheney was a miscommunication case or a clerical-error case: a mistake of fact was made about whether a message was delivered. This case, however, is a mistake-of-law case; the reason for Riney's failure to file timely a notice of appeal was an apparent failure to review or to appreciate the relevant rules, which clearly indicate that a party has ten days from the entry of judgment to file the kind of post-trial motions that will toll the filing period for a notice of appeal.[3] The ancient legal maxim continues to apply: ignorance of fact may excuse; ignorance of law does not excuse.[4] Accordingly, Riney's counsel's misunderstanding of the law cannot constitute excusable neglect. Without excusable neglect, Riney's appeal (number 96-5193) was untimely filed and is, therefore dismissed for lack of jurisdiction.[5]
 
 APPEAL DISMISSED.[6]
 
 
 *
 Honorable Harlington Wood, Jr., Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 [1]
 Rule 9006(b)(1) provides in pertinent part, "when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of the court, the court for cause shown may at any time in its discretion ... (2) on motion made after the expiration of the specific period permit the act to be done where the failure to act was the result of excusable neglect."
 
 
 [2]
 By the way, in Cheney the delay in filing the demand for trial was only six days--weeks shorter than the delay in this case
 
 
 [3]
 Furthermore, Cheney did not involve an issue of appellate jurisdiction. A timely filing of a notice of appeal is a mandatory prerequisite to the exercise of this Court's jurisdiction. See Pinion v. Dow Chemical, U.S.A., 928 F.2d 1522 (11th Cir.1991)
 
 
 [4]
 For background, see S.S. Peloubet, Legal Maxims 99-100, 262 (1985); Black's Law Dictionary 672, 673 (5th ed.1979)
 
 
 [5]
 Because we must dismiss the appeal on jurisdictional grounds, we do not weigh the merits of the defendant-appellant's case. Although it had no effect on today's decision, we do observe, in passing, that success on the merits seemed doubtful
 
 
 [6]
 Advanced Estimating's appeals (numbers 96-5235 and 97-4125) are dismissed as moot