**Rosie Diane THOMAS, Plaintiff,**

v.

**BOARD OF EDUCATION, UNIFIED SCHOOL DISTRICT NO. 501, TOPEKA, KANSAS, Defendant.**

**No. 95–4218–SAC.**

United States District Court, D. Kansas.

Dec. 18, 1997.

Stephen M. Schutter, Shook, Hardy & Bacon, L.L.P., Kansas City, MO, Richard D. Anderson, Brent C. Moerer, Topeka, KS, for Plaintiff.

Patricia E. Riley, Cynthia J. Sheppeard, Weathers & Riley, Topeka, KS, for Defendant.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

The case comes before the court on the defendant's motion for extension of time to file a motion for attorney's fees. (Dk. 51). By order filed October 31, 1997, the court granted the defendant's motion for summary judgment in this employment discrimination case brought under the Equal Pay Act, 29 U.S.C. § 206(d), Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983, in which the plaintiff claimed discrimination on the basis of her gender in the compensation paid her. (Dk. 57). The clerk entered judgment on that same day. (Dk. 58). The plaintiff filed a notice of appeal on November 20, 1997. (Dk. 59). The defendant filed the pending motion for extension of time on November 26, 1997. (Dk. 26). The plaintiff has filed a written opposition (Dk. 64) to this motion, and the defendant has filed a reply (Dk. 65).

The defendant admits that pursuant to Fed.R.Civ.P. 54(d)(2) its motion for attorney fees was due on November 14, 1997, or fourteen days after entry of judgment. The defendant requests an extension because its counsel mistakenly calculated the motion as due thirty days, rather than fourteen days, after entry of judgment. The defendant's counsel explains that she believed attorney's fees under 42 U.S.C. § 1988 and 42 U.S.C. § 2000e–5(k) were part of costs and that a bill of costs was not believed to be due any earlier than December 1, 1997, or thirty days

after entry of judgment.[1] The defendant argues the present circumstances qualify as "excusable neglect" under Fed.R.Civ.P. 6(b)(2).

Effective December 1, 1993, Rule 54(d)(2) now requires claims for attorneys' fees to be made by motion that "must be fried and served no later than 14 days after entry of judgment." If no motion for fees is filed within 14 days, the court may extend the filing time when the failure to file was "the result of excusable neglect." Fed.R.Civ.P. 6(b)(2); see, e.g., Texas Manufactured Housing Ass'n v. City of Nederland, 101 F.3d 1095, 1107 (5th Cir.1996), cert. denied, — U.S. ——, 117 S.Ct. 2497, 138 L.Ed.2d 1003 (1997); Committee v. Yost, 92 F.3d 814, 824–25 (9th Cir.1996); Mary M. v. North Lawrence Community School Corp., 174 F.R.D. 419, 423 (S.D.Ind.1997); Schwartz v. Dolan, 159 F.R.D. 380, 385 (N.D.N.Y.1995).

The Supreme Court in Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), established a flexible balancing test for analyzing excusable neglect under Bankruptcy Rule 9006(b)(1).[2] "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." 507 U.S. at 388, 113 S.Ct. at 1495. " '[E]xcusable neglect' is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." 507 U.S. at 392, 113 S.Ct. at 1496. On the other hand, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." Id. In determining whether neglect is excusable, the court should consider "all relevant circumstances surrounding the party's omission" including these four specific factors: (1) the danger of prejudice to the other side; (2) the length of delay and its potential impact on proceedings; (3) the reason for the delay and whether it was in the control of the party; and (4) whether the movant acted in good faith. Id. at 394–95, 113 S.Ct. at 1497–98.[3] Control over the circumstances of the delay is "a very important factor—perhaps the most important single factor—in determining whether neglect is excusable." City of Chanute, 31 F.3d at 1046; see Stringfellow v. Brown, 105

---

1. Though not cited anytime in the defendant's filings, the defendant's counsel apparently relied on D.Kan.Rule 54.1(a) in calculating the filing date of a bill of costs. This rule provides: "The party entitled to recover costs shall file a bill of costs on a form provided by the clerk within 30 days (a) after the expiration of time allowed for appeal of a final judgment or decree, or (b) after receipt by the clerk of an order terminating the action on appeal."

2. The plaintiff argues this decision "should be limited to show only that an allowance for late filings due to 'excusable neglect' serves an equitable purpose in Chapter 11 proceedings." This argument is without merit in this circuit. See, e.g., Panis v. Mission Hills Bank, N.A., 60 F.3d 1486, 1494 (10th Cir.1995) (Used the analysis from Pioneer in applying Fed.R.Civ.P. 6(b)), cert. denied, 516 U.S. 1160, 116 S.Ct. 1045, 134 L.Ed.2d 192 (1996); City of Chanute, Kan. v. Williams Nat. Gas Co., 31 F.3d 1041, 1046 (10th Cir.1994) ("Because the [Supreme] Court's analysis of what constitutes 'excusable neglect' in the bankruptcy context rested on the plain meaning of the terms, there is no reason that the meaning would be different in the context of Fed.R.App. 4(a)(5)." (citations omitted)), cert. denied, 513

U.S. 1191, 115 S.Ct. 1254, 131 L.Ed.2d 135 (1995).

3. In Pioneer, the Court agreed that the delay did not prejudice the other side or the interests of judicial administration and that the actions of the respondent and counsel appeared to be in good faith. As for the "culpability of the respondent's counsel," the Court gave "little weight" to the respondents' first excuse "that counsel was experiencing upheaval in his law office at the time of the bar date." 507 U.S. at 398, 113 S.Ct. at 1499. The Court did "consider significant that the notice of the bar date provided by the Bankruptcy Court was outside the ordinary course in bankruptcy cases," and agreed with the appellate court "that the 'peculiar and inconspicuous placement of the bar date in a notice regarding a creditors['] meeting,' without any indication of the significance of the bar date, left a 'dramatic ambiguity' in the notification." Id. at 398, 113 S.Ct. at 1500. In balancing the factors, the Court said that were there any prejudice or any indication of bad faith then it would not say that the bankruptcy court had erred in finding no excusable neglect. Absent prejudice or bad faith, the court said "that the unusual form of notice employed in this case requires a finding that the neglect of respondent's counsel was under all the circumstances, 'excusable.' " Id.

F.3d 670, 1997 WL 8856, at *2 (10th Cir. 1997) (Table).

In this case, the plaintiff argues prejudice in that "an award of attorney fees could potentially be assessed against her." (Dk. 64, p. 5). This is not prejudice that results from the defendant's late filing of the motion. The plaintiff argues "bad faith" in that defendant may have filed the fees motion in retaliation for the plaintiff's decision to appeal. This allegation of a motive for even filing the fees motion does not indicate that the defendant lacked good faith in filing the motion late. The circumstances of this case do not show that the late filing necessarily prejudiced the plaintiff[4] or the court's timely administration of the case or was the result of the defendant acting without good faith.

Now it is a matter of assessing the most important factor, the defendant's asserted reason for the delay in filing the motion for attorney's fees. As previously stated, the defendant gives only the reason that its counsel was unaware of the 14–day period in Fed.R.Civ.P. 54(d)(2)(B) and mistakenly believed a request for attorneys' fees would be treated under the rules the same as a bill of costs.

The court does not consider the offered reasons for counsel's confusion or neglect to be "excusable." Rule 54 of the Federal Rules of Civil Procedure plainly and unambiguously distinguishes between costs and fees as to the manner in which they are to be presented. Moreover, Fed.R.Civ.P. 54(d)(2)(B) plainly requires a party to file a motion for attorneys' fees "no later than 14 days after entry of judgment." There could

not be any chance of confusion here had counsel been aware of Fed.R.Civ.P. 54. The counsel's decision to look no further than D.Kan.Rule 54.1[5] is not excusable. In the court's local rules, the issue of costs is discussed separately in D.Kan.Rule 54.1 entitled, "Taxation and Payment of Costs," from statutory attorney's fees found on the next page at D.Kan.Rule 54.2, entitled "Award of Statutory Attorney's Fees." The latter rule refers several times to filing a motion for attorney's fees pursuant to Fed.R.Civ.P. 54(d)(2). In short, counsel's neglect is not excusable, as it is based solely on her own failure to read the clear procedural rules plainly governing the issue of attorney's fees: Fed.R.Civ.P. 54 and D.Kan.Rule 54.2.

Several circuits have held that, "as a matter of law, the lawyer's failure to understand clear law cannot constitute excusable neglect." *Advanced Estimating System, Inc. v. Riney,* 130 F.3d 996, 996 (11th Cir.1997) (no excusable neglect when attorney mistakenly believed he had ten days after receiving notice of the entry of judgment to file Rule 59 motions); *Canfield v. Van Atta Buick/ GMC Truck, Inc.,* 127 F.3d 248, 249 (2nd Cir.1997) (no excusable neglect when attorney mistakenly believed his responsive pleading was not due until a return date for the motion was set); *Committee v. Yost,* 92 F.3d 814, 824–25 (9th Cir.1996) (no excusable neglect when attorney was not aware of 1993 amendment to 54(d)(2)(b) requiring a motion for fees to be filed within 14 days of entry of judgment); *But see Maberry v. Said,* No. 94–2416–JWL, 1996 WL 442046, at *2-*3 (D.Kan. July 3, 1996)[6] (excusable neglect

---

**4.** As stated in the advisory committee notes, one of the purposes of the 14–day provision in Rule 54(d)(2)(B) "is to assure that the opposing party is informed of the claim before the time for appeal has elapsed." In this case, the plaintiff filed her notice of appeal after the 14–day period elapsed and without information that the defendant would be seeking attorneys' fees. The prejudice would be plain if the plaintiff had decided not to appeal because she faced no potential financial liability from the adverse decision. There may be cases where a plaintiff could still be prejudiced by taking an appeal without being timely informed that the defendant would be seeking fees. The plaintiff does not argue any circumstances suggesting that this is such a case.

**5.** This rule speaks exclusively to the filing of a bill of costs with the clerk and to the clerk's decision being subject to the court's review on a motion to retax. There is nothing about this rule that suggests it would govern motions for attorney's fees. In turning to D.Kan.Rule 54.1, counsel plainly demonstrated that she knew that the statutes authorizing an award of fees did not provide a procedure for presenting the fee request and that she needed to look to the relevant procedural rules.

**6.** The court in *Maberry* offers what could be described as an overly broad reading of *Pioneer.* Focusing on the language in *Pioneer* that "mistakes construing the rules do not usually consti-

when attorney said he was confused about when the 14–day period in Rule 54(d)(2) commenced and filed the fees motion late by only one day). In fact, "no circuit that has considered the issue after *Pioneer* has held that an attorney's failure to grasp the relevant procedural law is 'excusable neglect.'" *Advanced Estimating System, Inc.*, 130 F.3d at 998. If a lawyer's misunderstanding of clear law could constitute excusable neglect, then "almost every ... lawyer.would plead his own inability to understand the law when he fails to comply with a deadline." *Id.* at 998. "'In general, rules limiting the time within which fee claims may be filed are enforceable according to their tenor.'" *44 Liquormart, Inc. v. State of R.I.*, 940 F.Supp. 437, 441 (D.R.I. 1996) (quoting *Witty v. Dukakis*, 3 F.3d 517, 519 (1st Cir.1993)). Under the persuasive weight of these decisions, the attorney's misunderstanding of which plainly labeled local rule governed her client's motion for attorneys' fees cannot constitute excusable neglect.

The court agrees that there may be circumstances where an attorney's neglect in following or applying a rule or statute may be excusable. "For example, neglect may be excusable where the language of a rule is ambiguous or susceptible to multiple interpretations, or where an apparent conflict exists between two rules." *Canfield*, 127 F.3d at 250. Obviously, the defendant does not offer any such circumstances here. The controlling rules, for all purposes relevant here, were unambiguous, organized, established, plainly labeled, and not in apparent conflict with other rules. Though there may be other circumstances that excuse an attorney's neglect, this court aligns itself with those decisions holding that the "excusable ne-

glect" standard does not require leniency towards "disobedience to plain law." *Advanced Estimating System*, 130 F.3d at 998.

IT IS THEREFORE ORDERED that the defendant's motion for enlargement of time to file a motion for attorneys' fees (Dk. 61) is denied.

---

tute 'excusable' neglect." 507 U.S. at 392, 113 S.Ct. at 1496, the court concludes that "certain mistakes construing the rules are excusable." Though "an exceedingly close call," the court found that the counsel's mistake fell into the category of an excusable neglect. 1996 WL 442046, at *3. The court reached this finding even though the counsel offered no real explanation for his confusion. Moreover, the court said it would not address the issue of counsel's confusion as it concluded "that any delay is the product of excusable neglect." 1996 WL 442046, at *1. As explained above in footnote three, the Supreme Court in *Pioneer* based its finding of

counsel's neglect being "excusable" on the "dramatic ambiguity" that resulted from the unusual notice given in that case. By its own analysis, the Supreme Court in *Pioneer* demonstrated that the asserted reasons for the delay and the "culpability" of counsel and party must be evaluated in deciding whether the neglect is "excusable." The court finds nothing in *Pioneer* that indicates an attorney's misunderstanding of the plain language of a rule can constitute excusable neglect. *Advanced Estimating System*, 130 F.3d at 998 ("Nothing in *Pioneer* indicates otherwise, and we believe that the law in this area remains as it was before *Pioneer*.")