In re Beatrice L. BELCHER, Debtor.

Beatrice L. Belcher, Plaintiff,

v.

Columbia University; Afsa Data Corp.; Society National Bank; Ameritrust Company National Ass'n; Massachusetts Higher Education Assistance Corp. d/b/a/ American Student Assistance; Elsi/Law Access; Graduate Loan Center; the Educational Resources Institute; and the United States Department of Education, Defendants.

Bankruptcy No. A–99–72764–SWC.
Adversary No. 99–6566.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

March 5, 2001.

James R. Marshall, Scroggins & Williamson, Atlanta, GA, trustee.

Beatrice L. Belcher, Atlanta, GA, pro se.

## ORDER

STACEY W. COTTON, Chief Judge.

Currently before the court is Plaintiff Debtor's ("Plaintiff Debtor") motion seeking an extension of time for filing notice of appeal which was filed three days late. Both Defendants Educational Credit Management Corporation ("ECMC") and The Educational Resources Institute ("TERI") filed motions to dismiss Plaintiff Debtor's late filed appeal. Both have opposed Plaintiff Debtor's motion to extend time for filing her appeal. Plaintiff Debtor seeks to appeal an order and judgment entered by this court on January 23, 2001 denying her discharge of student loans pursuant to 11 U.S.C. § 523(a)(8). Since the motion seeking the extension of time was itself not filed within the ten days for filing the notice of appeal, the issue is whether Plaintiff Debtor has made a showing of excusable neglect. Fed. R. Bankr.P. 8002(c). This is a core matter pursuant to

28 U.S.C. § 157(b)(2)(I). Upon consideration of the evidence and arguments, the court's findings of fact and conclusions are set forth hereinafter.

## FACTS

Plaintiff Debtor, an active member of the State Bar of New York, filed her bankruptcy case and this adversary proceeding *pro se.*[1] Plaintiff Debtor did not file her notice of appeal until February 5, 2001, 13 days after the entry of the order appealed from. She did not file her motion requesting an extension of time for filing her appeal until February 15, 2001, 13 days after expiration of the time for filing the notice of appeal. In her affidavit attached to her motion to extend time, Plaintiff Debtor states that "she misunderstood the amount of time permitted for filing the notice of appeal in this case" and did not realize she had not timely filed her appeal until she received ECMC's response. (Plaintiff Debtor's Affidavit ¶¶ 5,7). She also notes she is not represented by an attorney, had no knowledge of bankruptcy law, rules, or procedures prior to her own case, that she was an inexperienced attorney, acting without counsel, without experience in federal practice, that she has a 13 month old daughter, and has family responsibilities. (Plaintiff Debtor's Affidavit ¶¶ 2,3,8).

## DISCUSSION

■ This court has jurisdiction, despite the appeal to the district court, because the appeal was not timely filed. " '[A] notice of appeal is mandatory and jurisdictional. If the notice is not timely filed, the appellate court is without jurisdiction to hear the appeal.' " *Williams v. EMC*

*Mortgage Corp.,* 216 F.3d 1295, 1298 (11th Cir.2000) (citation omitted).

■ Federal Rule of Bankruptcy Procedure 8002(a) provides that the time for filing an appeal is ten days after the entry of the order appealed from. It is unambiguous. Subsection (c) requires that a motion for an extension of time be filed within ten days of the order appealed from, except that if it is filed within 20 days and the appellant can show excusable neglect, the court may grant a motion for an extension of time. "Excusable neglect" is undefined in the bankruptcy rules or code. The Supreme Court, in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), has provided guidance in defining the term. The test for "excusable neglect" is no longer "limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.,* at 392, 113 S.Ct. at 1496.

■ This circuit has had occasion to review the concept of "excusable neglect" since the Supreme Court's *Pioneer* decision. The case of *Advanced Estimating System, Inc. v. Riney,* 130 F.3d 996 (11th Cir.1997), involved a lawyer mistakenly believing that he had 10 days from his receiving notice of the entry of the judgment to file post-trial motions. The Eleventh Circuit held that "as a matter of law . . . an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline." *Id.,* at 998. In reaching this conclusion the Eleventh Circuit followed other circuits, noting that "no circuit that has considered the issue after *Pioneer* has held that an attorney's failure to grasp the relevant procedural law is

---

1. Plaintiff Debtor is an articulate young attorney whose oral presentation to the court was skillfully done. Her writing skills and creative legal argument were equally apparent.

'excusable neglect.' "[2]. The court in *Riney* quotes from the *Pioneer* decision itself for support: " 'inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect....' *Id.* at 391, 113 S.Ct. at 1496 (internal citations omitted)." *Id. See also Weinstock v. Cleary, Gottlieb, Steen & Hamilton,* 16 F.3d 501, 503 (2d Cir.1994); *Mirpuri v. ACT Mfg., Inc.,* 212 F.3d 624, 631 (1st Cir.2000); *Halicki v. Louisiana Casino Cruises, Inc.,* 151 F.3d 465, 469 (5th Cir.1998), *cert. denied* 526 U.S. 1005, 119 S.Ct. 1143, 143 L.Ed.2d 210(1999); *Ceridian Corp. v. SCSC Corp.,* 212 F.3d 398, 403 (8th Cir.2000).

In the instant proceeding, Plaintiff Debtor states that she "misunderstood the amount of time permitted for filing the notice of appeal in this case," and she did not realize she did not file the notice in time until she received ECMC's motion to dismiss her appeal. (Plaintiff Debtor's Affidavit ¶¶ 5, 7). Further, she states generally that she is an inexperienced attorney[3], acting without counsel[4], unfamiliar with federal practice and bankruptcy practice in particular. (Plaintiff Debtor's Affidavit ¶¶ 2, 3, 8). However, as in *Riney* and the other circuit court cases cited, these grounds do not constitute "excusable ne-

glect." *See also HML II, Inc. v. Ginley,* 234 B.R. 67 (6th Cir. BAP 1999) (debtor's attorney's failure to properly compute the time for filing appeal under Rule 8002(a) due to inadvertently relying upon Fed. R. Bankr.P. 6 and his unfamiliarity with bankruptcy procedure did not constitute excusable neglect); *Morrison v. Fleetwood Homes of Georgia,* 250 B.R. 456, 463 (Bankr.S.D.Ga.2000).

Moreover, there is no case law which establishes that being a mother of a 13 month old and having family responsibilities qualifies for "excusable neglect." As counsel for ECMC argues, the fact of being a mother and having family responsibilities is similar to being an attorney who is trying to make his heavy workload responsible for "excusable neglect." However, such grounds have not resulted in the court finding "excusable neglect." *McLaughlin v. City of LaGrange,* 662 F.2d 1385, 1387–88 (11th Cir.1981), (not excusable neglect where attorney's excuse was he was a solo practitioner with a busy practice).

Appellant has not demonstrated any basis for the court finding that her failure to file her appeal or to move for an extension of time in which to file her appeal within

---

**2.** The following cases are cited with approval in *Riney: Committee v. Yost,* 92 F.3d 814, 825 (9th Cir.1996) (ignorance of procedural rule not excusable neglect); *Prizevoits v. Indiana Bell Telephone Co.,* 76 F.3d 132, 133 (7th Cir.1996) ("Rule 6(b) makes plain both that the 10–day limit on filing a Rule 59(e) motion cannot be extended, no matter how new the party's lawyer is, and that there was noting to wait for, since the district court had no power to grant the motion.... 'The excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules' "); *Kyle v. Campbell Soup Co.,* 28 F.3d 928 (9th Cir.1994) (misunderstanding of law not excusable neglect); *Weinstock v. Cleary, Gottlieb, Steen & Hamilton,* 16 F.3d 501, 503 (2d Cir. 1994) (appellant's "mistake cannot be consid-

ered 'plausible misconstruction' of Rule 4(a)(4); it must be regarded as a failure to follow the plain terms of the Rule").

**3.** "[T]he 10–day limit on filing a Rule 59(e) motion cannot be extended, no matter how new the party's lawyer is...." *Prizevoits v. Indiana Bell Telephone Co.,* 76 F.3d 132, 133 (7th Cir.1996).

**4.** The *Pioneer* decision itself cited to an earlier line of cases and affirmed that a client may be made to suffer the consequences of his attorney's failure. *Id.,* at 396, 113 S.Ct. at 1499. Appellant cannot use her decision to represent herself, without the assistance of counsel, to demonstrate "excusable neglect."

the ten day limit of Rule 8002 is excusable neglect. Accordingly, it is

ORDERED that Appellant's motion for an extension of time in which to file her appeal is denied. It is

FURTHER ORDERED that the motions of ECMC and TERI are granted and Plaintiff Debtor's untimely appeal is dismissed. The clerk is directed to serve a copy of this order upon Plaintiff Debtor and counsel for defendants.

IT IS SO ORDERED.