# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### SEPTEMBER 9, 2010 Session

## CAROL L. BRANDON v. WILLIAMSON MEDICAL CENTER, ET AL.

**Direct Appeal from the Circuit Court for Williamson County**
**No. 09471     James Martin, Judge**

---

**No. M2010-00321-COA-R3-CV - Filed November 9, 2010**

---

Plaintiff timely filed a complaint for medical malpractice, but failed to file a certificate of good faith within ninety days as required. Defendants filed a motion to dismiss, and Plaintiff subsequently filed a motion for enlargement pursuant to Rule 6.02 and a proposed certificate of good faith. The trial court granted Defendants' motion, finding Plaintiff had failed to demonstrate "good cause" for failing to file the required certificate. Because we find that Plaintiff has failed to demonstrate either "good cause" or "excusable neglect," we affirm the trial court's dismissal of Plaintiff's complaint.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Robert L. Green, Al H. Thomas, Memphis, Tennessee, for the appellant, Carol L. Brandon

Bryan Essary, Heather Piper-Coke, Nashville, Tennessee, for the appellee, Williamson Medical Center

Phillip North, Renee Levay Stewart, Judith Ragan, Nashville, Tennessee, for the appellee, Bernard L. Burgess, Jr., M.D.

E. Reynolds Davies, Jr., John T. Reese, Nashville, Tennessee, for the appellee, Eugene B. Arnett, III, M.D.

## OPINION

### I. FACTS & PROCEDURAL HISTORY

According to the complaint of Carol L. Brandon ("Plaintiff"), on May 11, 2008, Plaintiff presented to the Williamson Medical Center emergency room with complaints of severe abdominal pain. Within two hours of presentation, a small bowel obstruction was confirmed by an abdominal CT scan. Bernard L. Burgess, Jr., M.D., who had previously surgically repaired at least one bowel obstruction in Plaintiff was notified of these results. However, according to Plaintiff, Dr. Burgess waited eight hours before evaluating Plaintiff, and another eight hours before performing an exploratory laparotomy, which revealed mesenteric ischemia with necrotic bowel extending from the jejunum to the ileum, resulting in the resection of approximately 20 feet of Plaintiff's necrotic small intestine.

On May 11, 2009, while acting pro se, Plaintiff provided written notice of her potential claim for medical malpractice to Williamson Medical Center, Dr. Burgess, and emergency room physician Eugene B. Arnett, III., M.D. ("Defendants"). According to her Affidavit, Plaintiff attempted to engage an attorney in Nashville or Franklin, Tennessee, but could find no attorney willing to take her case. Therefore, on August 7, 2009, again acting pro se, she filed a complaint for medical malpractice, claiming, among other damages, physical injuries and loss of employment as a result of Defendants' negligence. Neither Plaintiff's written notice, nor her complaint included a Certificate of Good Faith. In her Affidavit, Plaintiff states that no Certificate of Good Faith was included "because [she] didn't know that was a requirement[,] . . . and [she] was trying to deal with this lawsuit on [her] own because [she] couldn't get any attorney in Nashville or Franklin, Tennessee to take [her] case."

After attempting unsuccessfully to engage an attorney in the Nashville area, Plaintiff contacted Memphis attorney Robert L. Green on September 22, 2009. According to Plaintiff, Plaintiff sent Mr. Green a copy of her complaint as well as her medical records. Mr. Green contacted attorney Al H. Thomas to work with him based on Mr. Thomas' "prior experience[.]" Both attorneys advised Plaintiff that they would not accept her case until they had her records reviewed by a doctor who was competent to testify and who held the opinion that her injuries were the result of Defendants' failure to exercise the recognized standard of care. In late October 2009, counsel informed Plaintiff that they had received written confirmation from a doctor in Virginia willing to provide such opinion.

On November 13, 2009, Dr. Burgess filed a motion to dismiss, which was later adopted by Williamson Medical Center, citing Plaintiff's failure to file a Certificate of Good Faith. On November 24, 2009, attorneys Green and Thomas filed a Notice of Appearance,

and November 30, twenty-five days after the deadline for filing a Certificate of Good Faith, filed a motion to enlarge the time for filing such certificate pursuant to Tennessee Rule of Civil Procedure 6.02–based upon her alleged ignorance to the requirement–as well as a proposed certificate. In her motion to enlarge, Plaintiff presented her evidence of "Good Faith" as follows:

> In this case the Plaintiff was attempting to represent herself and simply did not have the knowledge or ability to do so. She was acting in good faith to file a claim for perceived good reason. There is nothing to indicate a lack of good faith on her part.

Additionally, under the heading "Reason Why the Filing Was Late[,]" Plaintiff explained:

> [H]ere Carol L. Brandon had no independent knowledge of the need to file a Certificate of Good Faith and she was not put on Notice of such a need by anybody in the Clerk's office at the time she filed the Complaint. [No contention is made that the Clerk had any duty to inform or advise but simply to emphasize the fact that she didn't know of the need to file the Certificate of Good Faith with her complaint.]

Following a hearing, the trial court, on January 15, 2010, entered an Order granting the motions to dismiss of Williamson Medical Center and Dr. Burgess based upon Plaintiff's failure to file a Certificate of Good Faith.[1] A subsequent Order granting dismissal as to Dr. Arnett was entered on January 20, 2010. Plaintiff filed her Affidavit on February 4, 2010, and her Notice of Appeal on February 5, 2010.

## II. ISSUE PRESENTED

Appellant presents the following issue for review:

1. Whether the trial court erred in denying Plaintiff's Rule 6.02 Motion to Enlarge Time to File Certificate of Good Faith.

---

[1]In its Order, the trial court noted that Plaintiff had failed to submit an affidavit establishing the facts relied upon to show "good cause" for an enlargement of time. However, it stated that even if the reasons alleged in Plaintiff's motion to enlarge were accepted as true, that such facts did not constitute good cause. The trial court then allowed Plaintiff thirty days to submit an affidavit in support of her motion for appellate purposes, specifically stating that the facts in the affidavit shall not exceed the scope of the facts asserted in Plaintiff's motion for enlargement.

For the following reasons, we affirm the trial court's dismissal of Plaintiff's complaint.

## III. DISCUSSION

Tennessee Code Annotated section 29-26-122 sets forth a mandatory Certificate of Good Faith requirement applicable to medical malpractice actions filed on or after October 1, 2008:[2]

> (a) Within ninety (90) days after filing a complaint in any medical malpractice action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith stating that:
>
> (1) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:
>
>> (A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and
>> (B) Believe, based on the information available from the medical records concerning the care and treatment of the plaintiff for the incident or incidents at issue, that there is a good faith basis to maintain the action consistent with the requirements of § 29-26-115; or
>
> (2) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:
>
> (A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and
>
>> (B) Believe, based on the information available from the medical records reviewed concerning the care and treatment of the plaintiff for the incident or incidents at issue and, as appropriate, information from the plaintiff or others with knowledge of the incident or incidents at

---

[2]A 2009 amendment requires the certificate of good faith to be filed simultaneously with the complaint. However, the 2009 amendment applies "only to those action in which the required notice is given on or after July 1, 2009[.]" Because Plaintiff provided written notice on May 11, 2009, she was allowed ninety days within which to file her certificate of good faith.

issue, that there are facts material to the resolution of the case that cannot be reasonably ascertained from the medical records or information reasonably available to the plaintiff or plaintiffs counsel; and that, despite the absence of this information, there is a good faith basis for maintaining the action as to each defendant consistent with the requirements of § 29-26-115. Refusal of the defendant to release the medical records in a timely fashion or where it is impossible for the plaintiff to obtain the medical records shall waive the requirement that the expert review the medical record prior to expert certification.

**Tenn. Code Ann. § 29-26-122**. Failure to comply with the Certificate of Good Faith filing requirements "shall, upon motion, make the action subject to dismissal with prejudice." **Tenn. Code Ann. § 29-26-122(c)**. However, "[t]he court may, upon motion, grant an extension within which to file a certificate of good faith if the court determines that a health care provider who has medical records relevant to the issues in the case has failed to timely produce medical records upon timely request, *or for other good cause shown*." ***Id.*** (emphasis added).

As we stated above, the trial court, in granting Defendants' motions to dismiss, found that Plaintiff had failed to demonstrate "good cause" for failing to timely file a certificate of good faith. On appeal, Plaintiff argues that because her motion for enlargement was pursuant to Tennessee Rule of Civil Procedure 6.02,[3] that the trial court should have utilized Rule 6.02's "excusable neglect" standard rather than the "good cause" standard set forth in the Medical Malpractice Act.

We find it unnecessary to address the interplay between the Tennessee Rules of Civil Procedure and Tennessee Code Annotated section 29-26-122, as Plaintiff has failed to demonstrate either "good cause" or "excusable neglect" in this case. Our review under either standard is abuse of discretion. **Tenn. Code Ann. § 29-26-122(c); Tenn. R. Civ. P. 6.02**.

Unfortunately, the Tennessee Medical Malpractice Act, Tennessee Code Annotated section 29-26-115, et seq., does not define "good cause" and we have found no case law defining the phrase with specific regard to section 29-26-122's certificate of good faith

---

[3]Tennessee Rule of Civil Procedure 6.02 provides in part:
When by statute or by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . (2) upon motion made after the expiration of the specified period permit the act to be done, where the failure to act was the result of excusable neglect[.]

requirement. However, "good cause" has been considered on a limited basis with respect to other requirements. In *G. F. Plunk Construction Co. Inc. v. Barrett Properties, Inc.*, 640 S.W.2d 215 (Tenn. 1982), the appellant filed a notice of appeal with the trial court, but notice of the filing was not served upon opposing counsel or the appellate court as required by Tennessee Rule of Appellate Procedure 5. After expiration of the notice period, Appellant sought an enlargement of the time to file his notice; however, our Supreme Court held that Appellant's counsel's good faith belief that notice had been sent did not constitute "good cause." *Id.* at 217-18.

In *H.D. Edgemon Contracting Co., Inc. v. King*, 803 S.W.2d 220 (Tenn. 1991) our Supreme Court considered whether "good cause" had been demonstrated under Tennessee Rules of Appellate Procedure 2 and 21(b) where Appellant's counsel failed to timely file his appellate brief and statement of the evidence. Appellant claimed the documents were untimely "due to the oversight of Plaintiff's counsel in not completing same before becoming involved in trials and leaving on vacation directly following the trials." *Id.* at 222. In finding that good cause had not been shown, the Court noted that Appellant had failed to request a filing extension prior to the expiration of the filing deadline, stating that "[r]equests of extensions of time made before the expiration of time 'are granted with a much more generous hand.'" *Id.* at 223 (quoting *G. F. Plunk Constr.*, 640 S.W.2d at 217). The Court further noted the importance of mandatory time schedules to the orderly process of handling appeals. *Id.*

Despite the absence of a clear definition of "good cause" in either prior statutory or case law, we are satisfied that good cause has not been demonstrated in this case. At the trial level, Plaintiff claimed her failure to timely file a certificate of good faith was due to her initial inability to retain an attorney and her ignorance of the certificate of good faith filing requirement. However, we find Plaintiff's pro se status irrelevant and her claims of ignorance suspect.

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.,* 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.,* 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville,* 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Edmundson v. Pratt,* 945 S.W.2d 754, 755 (Tenn. Ct.

App. 1996); *Kaylor v. Bradley,* 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995).

***Hessmer v. Hessmer***, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). Moreover, despite her claim of ignorance of the certificate of good faith requirement, Plaintiff, acting pro se, gave the required pre-suit notice, withheld her complaint during the mandatory sixty-day waiting period, and then filed a rather sophisticated complaint on the date the one-year statute of limitations was set to expire. ***See* Tenn. Code Ann. § 29-26-116, -121**.

Even if Appellant's pro se status would have been sufficient to excuse her failure to file a certificate of good faith, Appellant's affidavit clearly shows that she made contact with attorney Green on September 22, 2009, and that by late October, prior to the expiration of the 90-day period on November 5, attorneys Green and Thomas had received written confirmation from an expert willing to provide the opinion necessary to file a certificate of good faith. Plaintiff offers no explanation as to why, after consulting with attorneys and obtaining the required expert testimony within the 90-day period, her motion for enlargement and her proposed certificate of good faith were not filed until November 30, more than two weeks after the filing of Defendants' motion to dismiss. Based on the evidence before us, we cannot find that good cause has been demonstrated.

Moreover, we find that Plaintiff has failed to present sufficient evidence of excusable neglect. In *Williams v. Baptist Mem'l Hosp.,* 193 S.W.3d 545, 550-51 (Tenn. 2006), the Tennessee Supreme Court "expressly adopted the following analysis for 'excusable neglect' under Tenn. R. Civ. P. 6.02(2) that the United States Supreme Court had set forth for analyzing claims of 'excusable neglect' under Fed. R. Civ. P. 6(b)(2)[,]"

> A party's failure to meet a deadline may have causes ranging from forces beyond its control to forces within its control. . . . The former will almost always substantiate a claim of excusable neglect; the latter will not. However, neglect extends to more than just acts beyond a party's control and intentional acts. It encompasses, "simple, faultless omissions to act and, more commonly, omissions caused by carelessness."

***World Relief Corp. of Nat'l Ass'n of Evangelicals v. Messay***, No. M2005-01533-COA-R3-CV, 2007 WL 2198199, at *7 (Tenn. Ct. App. July 26, 2007) (quoting *Williams,* 193 S.W.3d at 551)). While negligence may constitute excusable neglect, "not all negligence can be indulged." ***State ex rel. Sizemore v. United Physicians Ins. Risk Retention Group***, 56

S.W.3d 557, 567 (Tenn. Ct. App. 2001). "To do that would read out of the excusable neglect principle the requirement that the neglect must first be found excusable." *Id.* Instead, ascertaining whether neglect is "excusable" is an equitable determination "'taking account of all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer Inv. Servs. Co. V. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The determination should be made after consideration of the following factors:

> (1) the danger of prejudice to the party opposing the late filing, (2) the length of the delay and its potential impact on proceedings, (3) the reason why the filing was late and whether that reason or reasons were within the filer's reasonable control, and (4) the filer's good or bad faith.

*Id.*; *see also Williams*, 193 S.W.3d at 551. When an enlargement request is made after the original time has lapsed, the requesting party must demonstrate both excusable neglect and that the opposing party has not been prejudiced by the delay. *Kenyon v. Handal*, 122 S.W.3d 743, 756 (Tenn. Ct. App. 2003) (citing *Douglas v. Estate of Robertson*, 876 S.W.2d 95, 97 (Tenn. 1994); *Wagner v. Frazier*, 712 S.W.2d 109, 113 (Tenn. Ct. App. 1986)).

"[T]he courts have emphasized that the reasons leading to the delay remain a very important–perhaps the single most important–factor in determining whether neglect should be excusable." *Id.* at 570 (citing *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 534 (4th Cir. 1996); *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994); *Thomas v. Bd. of Educ.*, 177 F.R.D. 488, 489-90 (D. Kan. 1997)). In assessing the reasons for delay, "courts look at (1) whether the circumstances involved were under a party's own control . . . and (2) whether the party was paying appropriate attention to the matter in light of the surrounding circumstances." *Id.* (citations omitted). "[C]ourts have been reluctant to find excusable neglect in circumstances where called-for action was under the control of the party seeking relief and that party failed to act reasonably to make sure that the act was performed." *Id.* (citations omitted).

At the trial level, Plaintiff claimed her failure to timely file a certificate of good faith was due to her initial inability to retain an attorney and her ignorance to the certificate of good faith filing requirement. On appeal, Plaintiff attempts to offer an additional explanation–that "[s]he simply did not have the ability to secure the testimony of a competent medical expert so as to be able to file a Certificate of Good Faith." Because Plaintiff did not raise this argument before the trial court, we will not consider it on appeal. **Tenn. R. App. P. 13**. However, consideration of this new explanation would not alter our finding regarding excusable neglect. Again, by late October 2009 Plaintiff had consulted with attorneys who had received written confirmation from an expert willing to provide the opinion necessary

to file a certificate of good faith.  However, without explanation, Plaintiff did not file her motion for enlargement or proposed certificate until November 30, after Defendants filed a motion to dismiss, and after the 90-day filing period had lapsed.  Plaintiff had the means to timely file her certificate of good faith and simply failed to do so.

Regarding the other factors, Plaintiff argues that Defendants have made no assertions of prejudice, that her untimely certificate did not delay the progress of the case, and that she acted in good faith.

> A court may find prejudice where one side has been harmed by loss of opportunity to present some material aspect of its case.  *State v. Burns*, 6 S.W.3d 453, 463 (Tenn. 1999); *Archer v. Archer*, 907 S.W.2d 412, 416 (Tenn. Ct. App. 1995).  Prejudice also encompasses other types of harm to parties, such as the expenditure of money or similar detrimental changes of position by one side in reliance on the action or inaction of the other.  *Archer*[], 907 S.W.2d at 416.  In evaluating whether to allow an untimely filing to be effective, courts may also find prejudice to the non-requesting party where allowing the filing would burden the non-requesting party with more pre-trial discovery, additional trial preparation, and added expense, particularly when only a limited time remains for more gearing up.  *TXG Intrastate Pipeline v. Grossnickle*, 716 So.2d 991, 1011 (Miss. 1997).

*Sizemore*, 56 S.W.3d at 557-58.  Defendants claim that allowing Plaintiff's claim to proceed would impose additional expenses for pre-trial discovery, trial preparation, and defense costs to defend an action, which they claim, should have been dismissed based on Plaintiff's failure to comply with the certificate of good faith filing requirements.  They further claim that her failure to timely file a certificate of good faith has delayed both discovery and proceedings on the merits of this case for nearly one year.  Finally, as evidence of Plaintiff's alleged bad faith, Defendants point out that despite being armed with the required expert testimony, Plaintiff took no curative action until faced with a motion to dismiss. Considering all of the relevant circumstances, particularly the absence of an explanation for the delay between late October and November 30, we find that excusable neglect has not been demonstrated in this case, and we affirm the trial court's dismissal of Plaintiff's complaint.

## IV. CONCLUSION

For the aforementioned reasons, we affirm the decision of the circuit court. Costs of this appeal are taxed to Appellant, Carol L. Brandon, and her surety, for which execution may issue if necessary.

_____

ALAN E. HIGHERS, P.J., W.S.