[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 19, 2012
JOHN LEY
CLERK

No. 11-12203
_____

D.C. Docket No. 5:10-cv-01299-IPJ

CONSULT AMERICA, INC.,
CAREGIVERS OF PENSACOLA, INC.,

                                                        Plaintiffs - Appellants.

                                versus

MARVIN REX RANKIN, III,
EDD BALCH,
RANKIN-SHELTON-HUNTER, INC.,
WATERCOLOR MANAGEMENT, INC.,
fka Rankin-Shuttleworth, Inc.,
fka Rankin-Rivers, Inc.,
SUNBELT GENERAL AGENCY, INC., et al.,

                                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(March 19, 2012)

Before BARKETT and HULL, Circuit Judges, and HUNT,[*] District Judge.

PER CURIAM:

ConsultAmerica, Inc. and Caregivers of Pensacola, Inc. appeal the denial of their motion for relief under Federal Rule of Civil Procedure 60(b)(1).

Gene Church owns appellants ConsultAmerica, Inc. and Caregivers of Pensacola, Inc., which operate nursing homes in Alabama and Florida respectively. In 2000, the insurance agency Rankin-Shelton-Hunter, Inc. ("RSH") provided Church insurance for his nursing homes using an offshore insurer named Bayport Indemnity, Ltd. For eight years, appellants paid the premiums and RSH settled all claims that the appellants submitted.

Nonetheless, in 2010, the appellants filed a complaint against RSH and related parties alleging that Bayport Indemnity, Ltd. was not an actual company and that the defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") and committed state law fraud. See 18 U.S.C. §§ 1962(c)-(d). The essence of their claim was that they paid $1.7 million in premiums to a company that did not exist. However, appellants do not dispute that every claim submitted to RSH was paid in a timely manner. Based on the payment

_____

[*] Honorable Willis B. Hunt, Jr., United States District Judge for the Northern District of Georgia, sitting by designation.

of claims, the district court dismissed appellants' complaint finding no injury had occurred. The district court noted the following additional grounds for dismissal. The complaint failed to allege: (1) the specific misrepresentations that the defendants made; (2) a pattern of racketeering activity; (3) agreement between the entities to engage in the scheme; and (4) timely claims because the appellants had inquiry notice of the scheme beyond the statutes of limitations.

The district court's order was a final judgment and the Court notified the appellants that the case was closed and updated the docket. The order, however, contained the phrase "without prejudice." The appellants seized upon this phrase and submitted an amended complaint. Prior to this dismissal, the appellants had not attempted to amend. The district court struck the amended complaint, explaining that amendment was improper because the case was already closed. By this date, the appellants could no longer timely appeal the initial dismissal or move to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Attempting to amend the complaint through another avenue, the appellants moved under Rule 60(b)(1) for relief from the final judgment and claimed that their mistaken attempt to amend was excusable neglect because they believed that the dismissal without prejudice invited amendment.

Rule 60(b)(1) authorizes a court to relieve a party from a final judgment or

order upon a showing of "mistake, inadvertence, surprise, or excusable neglect." But an "attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline." Advanced Estimating System, Inc. (AES) v. Riney, 130 F.3d 996, 998 (11th Cir. 1997). Even if a movant under Rule 60(b)(1) shows excusable neglect, the party must also demonstrate that the underlying action probably would have been meritorious. Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Systems, Inc., 803 F.2d 1130, 1133 (11th Cir. 1986).

The district court denied relief and held that the appellants' misinterpretation of clear legal procedure was not excusable because it was a mistake of law. Further, the appellants intentionally delayed amending their complaint even though they were on notice of possible deficiencies once the defendants filed their motions to dismiss. Even if their mistake was excusable, the Court held that the proposed amended complaint remained deficient for the reasons noted in the initial dismissal.

We find no reversible error. The district court did not abuse its discretion when it denied the appellants relief from the final judgment under Rule 60(b).

AFFIRMED.