IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 19, 2022 Session

**EDWARD GILBERT, ET AL. v. STATE OF TENNESSEE**

**Appeal from the Tennessee Claims Commission (Eastern Division)**
**No. T20203050-1    William A. Young, Commissioner**

_____

**No. E2021-00881-COA-R9-CV**
_____

This appeal relates to a healthcare liability action. The Claims Commission denied the State's motion to dismiss based upon the claimants' failure to satisfy the requirements of Tennessee Code Annotated section 29-26-122. We reverse the trial court and remand for dismissal.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the
Claims Commission Reversed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which ANDY D. BENNETT and KRISTI M. DAVIS, JJ., joined.

Joshua R. Walker, Associate General Counsel, Knoxville, Tennessee, for the appellants, State of Tennessee.

Steven W. Terry and Randal E. Martin, Morristown, Tennessee, for the appellees, Edward Gilbert and Margaret Gilbert.

**OPINION**

**I. BACKGROUND**

On January 7, 2019, Edward Gilbert was diagnosed with calculous cholecystitis.[1] Four days later he underwent a laparoscopic cholecystectomy performed by Dr. David Paul Crawford and Dr. Miles Landry, a resident physician and state employee. Two days later,

---

[1] An inflammatory condition of the gallbladder.

Mr. Gilbert was admitted to Morristown Hamblen Hospital and diagnosed with septic shock. The following day, an exploratory laparotomy was performed by Dr. Landry under the supervision of Dr. Crawford. A perforated bowel was identified, and, subsequently, two enterotomies were performed. However, Mr. Gilbert's condition continued to worsen, and an additional surgery was performed on January 20, 2019, by Dr. Tom Charles Thompson, a member of Dr. Crawford's group. Still, Mr. Gilbert did not fully recover. Months later, on August 14, 2019, Mr. Gilbert was diagnosed with a midline incisional hernia with drainage. A Knoxville physician performed a repair for what he believed was an enterocutaneous fistula; he discovered a "wad of old silk suture material" near the abscess which eventually cultured E-coli.

Notice of a health care liability claim was given to Dr. Crawford; Surgical Associates of East Tennessee; Dr. Landry; the University of Tennessee Graduate School of Medicine; and the State of Tennessee ("Defendants") on January 3, 2020, pursuant to the requirements of Tennessee Code Annotated section 29-26-121(a). On May 4, 2020, counsel for the claimants, Mr. and Mrs. Gilbert, obtained a signed written statement by an expert physician, competent to testify under Tennessee Code Annotated section 29-26-115 to express an opinion in the case, expressing the belief, based on the information available from the medical records concerning the care and treatment of Mr. Gilbert for the incident at issue, that there is a good faith basis to maintain the action against Defendants. After obtaining the statement from the expert, on May 6, 2020, the Gilberts ("Claimants") filed two complaints. One complaint was filed in Hamblen County Circuit Court against Dr. Crawford and Surgical Associates of East Tennessee. The other complaint was filed with the Division of Claims and Risk Management ("DCRM") against the University of Tennessee Graduate School of Medicine and the State as Dr. Landry's employer.[2] The complaint identifies Dr. Landry as the allegedly negligent State employee on whose acts or omissions the claim against the State is based. The statement from the expert, the certificate of good faith, was attached to each complaint, in accordance with Tennessee Code Annotated section 29-26-122(a).

The certificate of good faith filed in the Claims Commission begins "IN THE CLAIMS COMMISSION FOR THE STATE OF TENNESSEE," and the listed parties are Edward Gilbert and wife, Margaret Gilbert v. David Crawford, M.D.; and Surgical Associates of East Tennessee. However, Dr. Crawford and Surgical Associates of East Tennessee are not the proper defendants in the claim against the State; they are non-State defendants in the separate lawsuit filed by Claimants in circuit court. Nothing in Claimants' certificate of good faith filed in the Claims Commission identifies the State or Dr. Landry.

On August 27, 2020, the State moved to dismiss the complaint because of the

---

[2] Pursuant to Tennessee Code Annotated section 9-8-402(c), the claim transferred from DCRM to the Claims Commission on August 5, 2020.

discrepancy in the certificate of good faith. According to the State, nothing in Claimants' certificate certified a valid health care liability action against the State or Dr. Landry.

On September 21, 2020, Claimants submitted a response to the State's motion to dismiss that includes a signed statement by physician Preston R. Miller, III, M.D., FACS, asserting a good faith basis to maintain an action against Dr. Landry and the State ("Miller statement"). The State replied that the Miller statement does not qualify as a certificate of good faith as required by Tennessee Code Annotated section 29-26-122 and was not filed with the complaint. Thus, the State maintained that Claimants never submitted a certificate of good faith that properly references the State or Dr. Landry in any way. Claimants did not file a motion seeking an extension of time in which to file a certificate of good faith for good cause shown as required by Tennessee Code Annotated section 29-26-122(c).

The Commission denied the State's motion to dismiss by order entered April 12, 2021, despite noting that the certificate of good faith did not identify Dr. Landry or the State:

> (1) "However, as 'defendants,' the certificate identifies David Crawford, MD and Surgical Associates of East Tennessee. The certificate does not specifically, on its face, make reference to Dr. Landry."

> (2) "The certificate contained a 'misnomer, listing David Crawford, MD and Surgical Associates of East Tennessee as defendants rather than the State of Tennessee.'"

> (3) "However, as noted above, the certificate itself does not specifically contain the name of the allegedly at fault person/healthcare provider…."")

> (4) "The Commission is of the opinion that the certificate is not defective in such a way that is [sic] requires dismissal of the claim and that the certificate did satisfy the requirements of Tenn. Code Ann. § 29-26-122(a). Under the circumstances herein presented, the Commission believes and concludes that, to dismiss this claim due to the apparent error described, would serve a [sic] injustice to the claim and to Claimants' opportunity to have their day in court…."

The Commission excused the certificate's defect/error for the following reasons:

> (1) The top line of the certificate's caption states, "IN THE CLAIMS COMMISSION FOR THE STATE OF TENNESSEE."

> (2) The certificate correctly identifies the Claimants.

- 3 -

(3) Claimants had acquired a signed statement from a purported expert before executing their certificate.

(4) "[T]he certificate itself does not specifically contain the name of the allegedly at fault person/healthcare provider, although the complaint to which the certificate is attached does clearly identify that individual."

(5) "The document [certificate] unfortunately contains what could best be described as a 'scrivener's error,' which claimant's counsel readily admits occurred."

The State moved that the Claims Commission revise the order, or, in the alternative, give permission to seek an interlocutory appeal. On July 26, 2021, the Commission filed an order overruling the State's motion and granting the State's motion to seek leave to file the application for permission to appeal. This court granted the State's application for interlocutory appeal by order entered August 24, 2021.

## II. ISSUE

We exercise our review of the issue certified by the Claims Commission:

In a health care liability claim asserted pursuant to Tenn. Code Ann. § 9-8-307, *et seq*., did the Commissioner err in denying the State's Motion to Dismiss where the complaint attached a Certificate of Good Faith containing a caption which included, "In The Claims Commission For The State Of Tennessee," which caption identified the Claimants correctly but incorrectly named non-state employees/actors and which certificate contained verbatim the representations articulated in Tenn. Code Ann. § 29-26-122(a)(1)(A) and (B)?

## III. STANDARD OF REVIEW

As noted in *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300 (Tenn. 2012), "[t]he proper way for a defendant to challenge a complaint's compliance with … Tennessee Code Annotated section 29-26-122 is to file a Tennessee Rule of Procedure 12.02 motion to dismiss." *Id.* at 307. "In the motion, the defendant should state how the plaintiff has failed to comply with the statutory requirements by referencing specific omissions in the complaint and/or by submitting affidavits or other proof." *Id.* "Once the defendant makes a properly supported motion under this rule, the burden shifts to the plaintiff to show either that it complied with the statutes or that it had extraordinary cause for failing to do so." *Id.* "Based on the complaint and any other relevant evidence submitted by the parties, the trial

- 4 -

court must determine whether the plaintiff has complied with the statutes." *Id.* "If the trial court determines that the plaintiff has not complied with the statutes, then the trial court may consider whether the plaintiff has demonstrated extraordinary cause for its noncompliance." *Id.* The "requirements [of Tennessee Code Annotated section 29-26-122] are mandatory, [so] they are not subject to satisfaction by substantial compliance." *Id.* at 310. "Because the trial court's denial of the Defendants' motion involves a question of law … review is de novo with no presumption of correctness." *Id.* at 307. "The question of whether [Claimants have] demonstrated extraordinary cause that would excuse compliance with the statutes is a mixed question of law and fact, and … review of that determination is de novo with a presumption of correctness applying only to the trial court's findings of fact and not to the legal effect of those findings." *Id.* Review of the trial court's decision to excuse compliance is under an abuse of discretion standard. *Id.* at 308. "A court abuses its discretion when it applies an incorrect legal standard or its decision is illogical or unreasonable, is based on a clearly erroneous assessment of the evidence, or utilizes reasoning that results in an injustice to the complaining party." *Id.*

## IV. DISCUSSION

The State submits that we should reverse the Commission's denial of its motion to dismiss for four reasons. First, the State contends that by including the wrong defendant names on the certificate of good faith filed with the Claims Commission, Claimants did not certify a good faith basis for a claim against the State and did not strictly satisfy the requirements of Tennessee Code Annotated section 29-26-122. Second, the State asserts that the Commission erred when it ruled that Claimants did not have to identify Dr. Landry in the certificate of good faith and when it found that the State's identity in the complaint could supplement the deficient certificate. Third, the State argues that the Commission erred when it relied on the Miller statement, which was not filed with the complaint. Finally, the State asserts that the Commission erred in even considering any information filed after the complaint without Claimants submitting a motion for additional time, in applying the contract doctrine of a "scrivener's error," and in finding that attorney oversight/mistake was good cause to excuse Claimants' failure to file a valid certificate of good faith with their complaint.

**a**.

Claimants assert Tennessee Code Annotated section 29-26-122(a)(1) does not require that a certificate of good faith name, in a caption, the defendants in the case to which it is attached. They contend that the certificate of good faith they filed with the Claims Commission complied with every requirement of subsection (a)(1), as well as the rest of the statute. They state that because the Commission did not err in ruling that the certificate of good faith did not need to name Dr. Landry, it did not have to refer to the

complaint to cure a defect because one did not exist. Claimants further assert that the Commission: 1) did not rely on the Miller statement, 2) did not err in "considering any information filed after the complaint without Claimants filing a motion for additional time," 3) was not wrong "in applying the contract doctrine of a 'scrivener's error' to this tort claim," or 4) did not err "in finding that attorney oversight or mistake was good cause."

Tennessee Code Annotated section 29-26-122(a) gives two options for what the certificate of good faith must state:

> (a) In any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause. The certificate of good faith shall state that:
>
>> (1) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:
>>
>>> (A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and
>>>
>>> (B) Believe, based on the information available from the medical records concerning the care and treatment of the plaintiff for the incident or incidents at issue, that there is a good faith basis to maintain the action consistent with the requirements of § 29-26-115; or
>>
>> (2) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:
>>
>>> (A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and
>>>
>>> (B) Believe, based on the information available from the medical records reviewed concerning the care and treatment of the plaintiff for the incident or incidents at issue and, as appropriate, information from the plaintiff or others with knowledge of the incident or incidents at issue, that there are

facts material to the resolution of the case that cannot be reasonably ascertained from the medical records or information reasonably available to the plaintiff or plaintiff's counsel; and that, despite the absence of this information, there is a good faith basis for maintaining the action ***as to each defendant*** consistent with the requirements of § 29-26-115.

Refusal of the defendant to release the medical records in a timely fashion or where it is impossible for the plaintiff to obtain the medical records shall waive the requirement that the expert review the medical record prior to expert certification.

Tenn. Code Ann. § 29-26-122(a) (emphasis added). Both options require that the certificate state that "[t]he plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they . . . [a]re competent under § 29-26-115 to express an opinion or opinions in the case. . . ." Tenn. Code Ann. § 29-26-122(a). The difference between the two options is that subsection (a)(1) is relied on when the expert has certified a good faith basis for the suit based on the medical records. *Id*. Subsection (a)(2) is to be relied on when the expert finds that there are material facts that cannot be ascertained from the available records or information, but despite that lack of information there is a good faith basis for the action. *Id.*

Certificates filed pursuant to subsection (a)(2) must certify that "there is a good faith basis for maintaining the action ***as to each defendant*** consistent with the requirements of § 29-26-115." (Emphasis added). On the other hand, subsection (a)(1), pursuant to which Claimants in this case have filed their certificate, only requires certification that "there is a good faith basis to maintain the action consistent with the requirements of § 29-26-115." Conspicuously, there is no language requiring that the action be certified "***as to each defendant***" provided in subsection (a)(1). Claimants therefore assert that if the legislature intended for Tennessee Code Annotated section 29-26-122(a)(1) to require either defendants or practitioners to be named in the certificate of good faith, it would have included the specific wording in the statute. Rather, section 29-26-122(a)(1) specifically omits any mention of the identity of the defendant. Claimants argue that the only way to find that a certificate of good faith filed pursuant to that subsection requires the caption to list the names of the defendants would be to add that requirement where the legislature specifically omitted it. Claimants add that because the Claims Commission was identified as the venue, the State could not have presumed the certificate would not apply to them, as every action in the Claims Commission is against the State.

According to the State, "[t]he essence of Tennessee Code Annotated section 29-26-

- 7 -

122 is that a defendant receive assurance that there are good faith grounds for commencing such action." *Myers*, 382 S.W.3d at 309. "The requirements of … the filing of a certificate of good faith under Tennessee Code Annotated section 29-26-122 are fundamental to the validity of the respective statutes and dictate that [the Court] construe such requirements as mandatory." *Id.* "Because these requirements are mandatory, they are not subject to satisfaction by substantial compliance." *Id.* at 310. In *Myers*, the complaint was dismissed, with prejudice, because it was not filed with a certificate of good faith, even if the information contained in the certificate was redundant to the information disclosed in his original lawsuit. *Id.* at 312; *see also Foster v. Chiles*, 467 S.W.3d 911, 916 (Tenn. 2015) ("[d]efendants were statutorily entitled to separate notice of each forthcoming complaint so that they might evaluate the merits of the claim and pursue settlement.").

As noted by the State, Claimants' complaint filed in the Claims Commission is a separate and independent action from the complaint against the other parties filed in circuit court. Claimants were required to file a certificate of good faith specific to the cause of action alleged against Dr. Landry in the Commission action; a certificate identifying only the separate circuit court defendants is not sufficient. The identity of Dr. Landry in the case before the Commission is the most important part of the certificate's caption, because he is the party who must receive assurance of a good faith ground for commencing the action against him. Without proper identification of Dr. Landry in the certificate, it fails. The Commission's acceptance of a certificate of good faith that contains a defect/error is contrary to the strict compliance requirement. Once the Claims Commission found that the certificate contained an error/defect, it should have dismissed the complaint with prejudice on that basis alone. Tenn. Code Ann. § 29-26-122(c) ("The failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice.").

Section 29-26-122(a) also incorporates the requirements of Tennessee Code Annotated section 29-26-115, which establishes the proof requirements in a health care liability action for standard of care, breach, and causation. Section 29-26-115 provides as follows:

> (a) In a health care liability action, the claimant shall have the burden of proving by evidence as provided by subsection (b):
>
> (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that ***the defendant*** practices in the community in which ***the defendant*** practices or in a similar community at the time the alleged injury or wrongful action occurred;
>
> (2) That ***the defendant*** acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and

(3)    As a proximate result of ***the defendant's*** negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

* * *

(c)  In a health care liability action as described in subsection (a), there shall be no presumption of negligence on the part of the defendant; provided, that there shall be a rebuttable presumption that the defendant was negligent where it is shown by the proof that the instrumentality causing injury was in the defendant's (or defendants') exclusive control and that the accident or injury was one which ordinarily doesn't occur in the absence of negligence.

(d)  In a health care liability action as described in subsection (a), the jury shall be instructed that the claimant has the burden of proving, by a preponderance of the evidence, the negligence of the defendant.  The jury shall be further instructed that injury alone does not raise a presumption of the defendant's negligence.

Tenn. Code Ann. § 29-26-115 (emphasis added).  Section 29-26-115 denotes that those requirements must be proved in terms of the defendant, Tenn. Code Ann. §§ 29-26-115(a)(1), -115(a)(2), and -115(a)(3), which is a specifically identified individual or entity in each health care liability action. Because section 29-26-122 requires certification of a basis for the defendant-specific elements established in section 29-26-115, in the view of this court, section 29-26-122 incorporates and requires section 29-26-115's specificity as to each defendant. The text of the statute requires that each certificate of good faith be specific to both the action in which it is filed and to the defendant(s) named in the action.

We find that any defendant to whom a certificate of good faith did not specifically apply must be dismissed. We agree with the State that the Commission erred when it accepted a certificate that is not specific to the particular defendant in this claim.  As we noted in *Groves v. Colburn*, No. M2012-01834-COA-R3-CV, 2013 WL 3964758 (Tenn. Ct. App. July 30, 2013), "the filing of a certificate of good faith is mandatory, and strict compliance is required." *Id.* at *3. A certificate specific to the state employee resident physician was required for strict compliance; the certificate applicable to the other defendants was not sufficient.

**b.**

In *Dotson v. State*, No. E2019-00325-COA-R9-CV, 2019 WL 6523164 (Tenn. Ct. App. Dec. 3, 2019), a health care liability action against the State based on the alleged negligence of a State-employee resident physician, we held that the certificate of good faith

- 9 -

must be a separate document filed with the complaint and cannot be supplemented by information contained only in the complaint. The certificate of good faith identified a non-State employee medical provider and a private hospital but made no mention of the resident physician. *Id*. In that case, the Commission found that the certificate of good faith failed to satisfy the statutory requirements but denied the State's motion to dismiss because it determined that the claimant satisfied the requirements of the statute as "the complaint track[ed] the language of the statute 'virtually verbatim' and because [the claimant] specifically referred to [the resident physician] within the body of the complaint." *Id.* at *2. This court, however, rejected the Commission's determination that the requirements of the statute could be satisfied by information in the complaint instead of a certificate of good faith filed with the complaint. *Id.* at *4.

The decision here is contrary to *Dotson*, which held that language in a complaint cannot substitute for a proper certificate of good faith. The Commission in the instant case found that the certificate of good faith did "not specifically, on its face, make reference to Dr. Landry" and that "the certificate itself does not specifically contain the name of the allegedly at fault person/healthcare provider." It then excused the failure of the certificate to identify the health care provider at issue because his name was in the complaint. If transposing the healthcare provider's name from the complaint to the certificate of good faith was reversible error in *Dotson*, then transposing the provider's name from the complaint to the certificate is reversible error in this claim. The Commission in this case should have ended the inquiry and dismissed the claim, just as *Dotson* instructs. *Id.* ("When the Claims Commission determined that the certificate of good faith Ms. Dotson attached to her complaint failed to satisfy the requirements of Tenn. Code Ann. § 29-26-122(a) with regard to [the State employee, resident physician], dismissal of the claims against the state was mandated.").

### c.

Tennessee Code Annotated section 29-26-122(c) allows, upon motion, additional time to file a certificate of good faith for only two reasons: (1) upon determination that a health care provider who has relevant medical records failed timely to produce those records or (2) for good cause shown. Claimants, however, never filed a motion seeking additional time in which to file a correct certificate and never submitted one. Instead, they simply responded to the motion to dismiss by claiming that they had consulted with an expert witness, submitting the Miller statement, and admitting that they mistakenly named the wrong defendants in their certificate.

In this case, the original certificate is deficient because it does not identify in any way either the State or Dr. Landry. The Miller statement was not filed with the complaint as required by statute. Instead, it was filed months after the complaint in response to the State's motion to dismiss. Because Claimants did not strictly comply with the statute and

file a motion for additional time, we find that the Commission erred in considering the additional information supplied in the Miller statement. *See Myers*, 382 S.W.3d at 311–12.

**d.**

A "'scrivener's error' … may be corrected only for departure from mutual intention or unilateral error induced by fraud or inequitable conduct." *Bush v. Jefferson Standard Life Ins. Co.*, No. 01-A-019102CH00042, 1991 WL 114393, at *3 (Tenn. Ct. App. June 28, 1991); *see also Sikora v. Vanderploeg*, 212 S.W.3d 277, 288 n.13 (Tenn. Ct. App. 2006). We agree with the State that this contract principle cannot apply to Claimants' claim. There was no agreement or mutual mistake by the parties. No fraud or inequitable conduct by the State was involved in Claimants' drafting and filing of the certificate of good faith with an incorrect caption. The mistake was unilateral by Claimants. The Commission erred by attempting to inject the concept of a "scrivener's error" into the filing of this health care liability claim.

**e.**

We further find that the Commission erred by determining attorney oversight/mistake established good cause to excuse the defective certificate of good faith. In *Brandon v. Williamson Medical Center*, 343 S.W.3d 784 (Tenn. Ct. App. 2010), we noted that "oversight of [p]laintiff's counsel" did not establish "good cause." *Id.* at 789 (*citing H.D. Edgemon Contracting Co., Inc. v. King*, 803 S.W.2d 220, 222-23 (Tenn. 1991)). We observed that "courts have been reluctant to find excusable neglect in circumstances where called-for action was under the control of the party seeking relief and that party failed to act reasonably to make sure that the act was performed. *Brandon*, 343 S.W.3d at 791. "Because these requirements are mandatory, they are not subject to satisfaction by substantial compliance." *Myers*, 382 S.W.3d at 309-10.

The mistake made in the Commission's claim was entirely within Claimants' control. They knew that two lawsuits would be necessary as shown by the filing of the circuit court action and the Claims Commission case. Claimants understood that the defendants in the circuit court matter and the Claims Commission action were different. They also were aware that two certificates of good faith would be necessary, as shown by the fact that a certificate was attempted for and filed with the Claims Commission action.

Naming private, circuit court defendants in a certificate of good faith filed in a Commission claim against the State is grounds for dismissal, as this court has already held in *Ledford v. State*, No. E2019-00480-COA-R3-CV, 2020 WL 1686377 (Tenn. Ct. App. Apr. 7, 2020) and *Dotson*. Further support for our holding is found in *Christian v. State*, Claims Commission No. T20202775-1, Order Granting State of Tennessee's Motion to

Dismiss (Tenn. Claims Comm., Western Div. Nov. 24, 2020). In that case, the claimant initiated a claim against the State for health care liability and filed a certificate of good faith with her complaint. The heading on the *Christian* certificate of good faith indicated that it was being filed in the Claims Commission. The style of the certificate, however, did not name or identify any State employee or the State as a defendant. *Id.* at *3. Instead, the certificate filed in the Commission listed as defendants medical providers who were non-State employees or entities. *Id.* Like the matter before us, the Commission was presented with a certificate of good faith that denoted "Claims Commission" at the top but listed as defendants private individuals and entities named in a related circuit court action. Based upon these identical facts, the Commission's Western Division dismissed, citing *Dotson*. The Commission found that the certificate of good faith failed to comply with Tennessee Code Annotated section 29-26-122. Attorney oversight was not accepted as a reason to allow the matter to proceed. *Id.* at *9.

## V. CONCLUSION

We reverse the judgment of the Claims Commission and remand with instructions to dismiss. Costs of the appeal are assessed against the appellees, Edward Gilbert and Margaret Gilbert.

_____
JOHN W. MCCLARTY, JUDGE